IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01661-BNB

JASON GREGGORY COMPTON,

    Applicant,

v.

ELBERT COUNTY SHERIFF,

    Respondent.

---

ORDER OF DISMISSAL

---

I. Background

    Applicant, Jason Greggory Compton, currently is detained at the Elbert County Jail in Kiowa, Colorado. Mr. Compton, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Subsequent to filing the § 2241 Application, Mr. Compton filed a prisoner complaint, a 28 U.S.C. § 2254 habeas application, and an amended § 2241 application in this action. Magistrate Judge Boyd N. Boland disregarded the prisoner complaint as improperly filed and proceeded to review Mr. Compton's habeas claims. On September 7, 2011, Magistrate Judge Boland entered an order instructing Respondent to file a Preliminary Response and address the affirmative defense of exhaustion of state-court remedies that are available to challenge Mr. Compton's probation. On October 13, 2011, Respondent filed a Preliminary Response.

    Along with the § 2254 and § 2241 applications, Mr. Compton filed eight separate documents challenging the validity of his current probation agreement. *See* Doc. Nos.

15, 16, 18, 19, 22, 24, 29, and 30.  In each of the documents, he also seeks invalidation of his 2004 and 2010 sentences.  *Id.*  It appears that Mr. Compton's claims more properly are raised pursuant to 28 U.S. § 2254.

In any event, and regardless of the statutory authority for his habeas corpus claim, Mr. Compton is required to exhaust state remedies.  *See* 28 U.S.C. § 2254(b)(1); *Montez v. McKenna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).   For the reasons stated below, the Court will deny the Application in part for failure to exhaust state court remedies regarding his 2010 sentence and in part because Mr. Compton no longer is incarcerated under his 2004 sentence.

On January 24, 2001, when Mr. Compton was fifteen years old, he pled guilty to one count of sexual assault on a child by a person in a position of trust.  *See* Preliminary Resp. at Ex. A.  He was sentenced on April 24, 2004, in Case No. 00CR67, to Sex Offender Intensive Supervision Probation (SOISP) for twenty years to life.  *Id.*  The probation was ordered served consecutive to a two-year commitment to the Division of Youth Corrections arising from Case No. 00JD39.  *Id.*  Subsequent to the April 24 sentencing, Mr. Compton was resentenced on July 30, 2004, to four years to life in the Colorado Department of Corrections due to a probation violation.  *Id.*

Mr. Compton filed a postconviction motion on June 27, 2008, pursuant to Colo. R. Crim. P. 35(a) and (c), requesting a withdrawal of his guilty plea and asserting ineffectiveness of trial counsel.  *Id.*  The Rule 35(a) postconviction motion was granted in part on December 1, 2009, and a new sentencing was ordered because the trial court judge failed to comply with *Flake v. People*, 153 P.3d 427 (Colo. 2007), in Mr.

Compton's original sentencing. *Id.* Mr. Compton withdrew the Rule 35(c) ineffective assistant of counsel claim. *Id.* On September 1, 2010, Mr. Compton was resentenced to SOISP for twenty years to life. Subsequently, Mr. Compton's probation officer filed a complaint on March 28, 2011, to revoke the SOISP due to Mr. Compton's numerous violations of the state sex offender treatment requirements. *Id.* As a result, Mr. Compton was arrested on April 13, 2011, and a contested probation revocation hearing was set for November 3, 2011. *Id.*

Mr. Compton seeks relief from both the 2004 and the 2010 sentences. He claims that in 2010 the state court judge vacated his indeterminate prison sentence entered in 2004 because it was found to be illegal. He further claims that as a result of the state court judge's decision to vacate the indeterminate prison sentence he was released from prison and placed on indeterminate probation. Mr. Compton also argues his current probation is illegal because (1) it is based on false information that was compiled when he was a child; and (2) a revocation of the probation will result in his incarceration.

Mr. Compton seeks dismissal of his sentence, compensation for the time he has been illegally imprisoned, and charges against those individuals responsible for illegally sentencing him as a child. The only proper request for relief in a habeas action is the reconsideration of a conviction or sentence. Money damages or claims against those individuals responsible for an applicant's conviction or sentence are improperly raised in a habeas action.

II.  Analysis

The Court must liberally construe Mr. Compton's Application because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S.

4

364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Compton asserts that he has exhausted his remedies by filing a Rule 35(a) postconviction motion. He further asserts that it was not necessary to appeal the state district court's granting of his Rule 35(a) motion because he was granted the relief he requested. The Rule 35(a) motion, however, addressed only Mr. Compton's 2004 resentencing. Mr. Compton does not assert that he has challenged the validity of his 2010 resentencing.

The exhaustion of Mr. Compton's state court remedies regarding his 2004 resentencing are moot for purposes of this action. Mr. Compton was granted relief with respect to the 2004 sentencing; he no longer is serving that sentence. The federal habeas statute requires that an applicant seeking relief from a state court conviction be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The applicant must be "in custody" under the challenged conviction or sentence at the time the habeas application is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The "in custody" requirement is jurisdictional. *See McCormick v. Kline*, 572 F.3d 841, 847-48 (10th Cir. 2009). Consequently, a state prisoner cannot challenge the constitutionality of his conviction in a federal habeas proceeding if he has completed his sentence for the conviction at the time the § 2254 petition is filed. *Maleng*, 490 U.S. at 491; *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S.

394, 401 (2001) ("[Applicant] is no longer serving the sentence imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions," citing 28 U.S.C. § 2254(a) and *Maleng*).  The claims Mr. Compton asserts regarding his 2004 sentencing, therefore, will be dismissed for lack of jurisdiction.

As for the 2010 resentencing, state court remedies are available to Mr. Compton for challenging the validity of this sentencing.  The claims raised regarding the 2010 resentencing, therefore, will be dismissed as unexhausted.

III.  Conclusion

Based on the above findings, it is

ORDERED that the Application is denied and the action is dismissed in part with prejudice for lack of jurisdiction and in part without prejudice for failure to exhaust state court remedies.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Compton has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

DATED at Denver, Colorado, this  7th  day of   November  , 2011.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Judge
United States District Court